FILED & JUDGMENT ENTERED
David E. Weich

Dec 02 2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| IN RE: ) | Case No.:   09-33328 |
| ) | **Chapter 11** |
| AMERICAN PRODUCT DISTRIBUTORS, ) | |
| INC. ) | |
| ) | |
| TAX ID #:   56-1789017 ) | |
| ) | |
| **Debtor(s)** ) | |

**CHAPTER 11 OPERATING ORDER**

This Order, although effective immediately upon entry, is subject to written objection and notice of hearing within twenty-five (25) days of the date of entry.

The Debtor is hereby **ORDERED** to comply with the following:

A.  Status Meeting with Bankruptcy Administrator:  Upon notice by the Bankruptcy Administrator to the Debtor, the Debtor and its attorney shall meet with the Bankruptcy Administrator, or his designee, to certify that all provisions of this Order required to be done by that date have been done and that all mechanisms are in place to assure future compliance.  The Debtor shall supply the Bankruptcy Administrator with any documents or records requested by the Bankruptcy Administrator prior to or at the time of said meeting.

B.  Inspection of Property and Records:  The Debtor shall permit the Bankruptcy Administrator or his designee reasonable inspection of its business premises, properties, books and records.

C.  Books and Records:  The Debtor's prepetition books and records should have been closed and new postpetition books and records should have been opened as of the date of filing the petition.  Regardless of the timing of actual closing and opening, the date of the filing of the petition is the point of separation.  From that point forward the new books and records shall be kept in accordance with generally accepted accounting principles.

D.  **Bank Accounts**:

    (1)  <u>New Accounts</u>: The Debtor's prepetition bank accounts should have been closed and new postpetition bank accounts should have been opened as of the date of filing the petition. Regardless of the time of actual closing and opening, the date of the filing of the petition is the point of separation. The new bank accounts shall consist of at least a general account, a tax account and, at the Debtor's election, a payroll account. The new bank signature cards of these accounts shall clearly indicate that the Debtor is a "Chapter 11 Debtor-In-Possession". The Debtor is only required to make this designation on the signature cards, not on the check stock.

    (2)  <u>Collateralization of Accounts</u>: The Debtor is directed to comply with the provisions of 11 U.S.C. Section 345 regarding deposit or investment of money of the estate. The Debtor or the attorney for the Debtor shall inform the Bankruptcy Administrator of the deposit of any funds of the Debtor or of the Debtor's estate in any bank or other depository or financial institution which are either not covered by F.D.I.C. insurance or which exceed the insured amount. The Bankruptcy Administrator shall take the appropriate action for the posting of securities or a bond. The duties of the Debtor regarding informing the Bankruptcy Administrator of the need for collateralization of accounts are continuing and end only upon entry of an order converting, dismissing or closing the case.

    (3)  <u>Tax Account, Deposits and Filing of Tax Returns</u>: During the pendency of this proceeding:

        (a)  The Debtor shall segregate and hold in a separate bank account, all taxes deducted and withheld from employees (including Social Security taxes) or monies collected under any law of the United States, or any state or subdivision thereof, and the State of North Carolina. Monies withheld shall be deposited in a National Bank or other authorized depository, and shall include the aggregate of the Debtor's share of Social Security taxes, plus all other withholdings, F.I.C.A., and excise taxes so deducted, withheld, collected, or otherwise due by the Debtor.

        (b)  The Debtor is directed and empowered to pay from said bank account to the appropriate taxing authorities the appropriate amounts at the times and in the manner prescribed by law. Deposits shall be made timely and reported in the manner required by the Internal Revenue Service or other taxing authorities.

        (c)  Evidence of payment of taxes and/or deposit of monies for tax payments shall be included in the Debtor's Monthly Status Report. A copy of the bank receipt evidencing said deposit shall be attached to the Debtor's Monthly Status Report.

        (d)  The Debtor shall file all past due delinquent tax returns within ninety (90) days of this Order unless otherwise ordered by this Court or as otherwise provided by law. Federal tax returns shall be filed with the Internal Revenue

>   Service, Special Procedures Division. In addition, the Debtor shall file all post-petition tax returns as required by law in a timely manner.

E.  Proof of Insurance: Within ten days of the date of filing, the Debtor shall file with the Bankruptcy Administrator's Office proof of insurance coverage on all property of the Debtor and property of the estate. If notice of cancellation or of non-renewal is given on any of the insurance policies listed before their expiration dates, the Debtor shall notify the Bankruptcy Administrator's Office of cancellation or non-renewal, by telephonic notice within 48 hours, and in writing within five (5) days, after notice of cancellation or notice of failure to renew. If any such notice is given effective as of the date of expiration, the same notification to the Bankruptcy Administrator shall be given. The Debtor shall **also** provide the Bankruptcy Administrator's Office with copies of renewal insurance policies **prior** to the expiration dates throughout the duration of the Chapter 11 bankruptcy case.

F.  Cash Collateral: The Debtor shall, in addition to other notices as required by the Bankruptcy Rules, notify the Bankruptcy Administrator of all motions and hearings on the use of cash collateral. The Debtor shall not use cash collateral as defined by 11 U.S.C. Section 363 unless each entity that has an interest in such cash collateral consents, or the Court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of 11 U.S.C. Section 363.

G.  Monthly Status Reports: Pursuant to 11 U.S.C. Sections 704, 1106 and 1107 and Bankruptcy Rule 2015, the Debtor shall file with the Court, and serve upon the Bankruptcy Administrator and the members of the Creditors' Committee, or their duly designated representative, monthly written reports on the status of this Chapter 11 proceeding. Said reports shall be prepared in accordance with the form entitled "Monthly Status Report" which is provided by the Bankruptcy Administrator. The Debtor shall complete all information requested by and attach all documentation required by said report. Said report shall be reviewed and signed by both the representative of the Debtor and the Debtor's attorney. The first "Monthly Status Report" shall include the period between the date the petition was filed and the last date of the calendar month. The first "Monthly Status Report" shall be due within thirty days after entry of the Order for Relief. All subsequent reports shall be for the entire calendar month and shall be due within thirty (30) days following the end of the calendar month.

H.  Quarterly Fees: All chapter 11 cases are subject to a quarterly fee. The quarterly fee helps fund the operation and maintenance of the courts of the United States. The fee must be paid to the Clerk, U.S. Bankruptcy Court for every quarter (including any fraction thereof), from the time the petition is filed until the date of entry of an order dismissing, converting, or closing the case. No fees are charged for a portion of a quarter prior to the filing of the case and no fees are charged after the entry of the order dismissing, converting, or closing the case. The fee is applicable to each and every case commenced under chapter 11 regardless of whether the case has been administratively consolidated with any other case.

The debtor is responsible for the prompt and full payment of this fee. The amount varies depending upon the dollar value of **all disbursements** made during the calendar quarter (or portion thereof if the case is filed after the beginning of a calendar quarter or dismissed,

3

converted or closed before the end of a calendar quarter) however, a minimum fee of $325.00 is due each quarter even if no disbursements are made during the quarter.

All quarterly fees must be paid before a chapter 11 plan can be confirmed. Section 1129(a)(12) of the Code states: "The Court shall confirm a plan only if all of the following requirements are met. All fees payable under section 1930, as determined by the court as the hearing on the confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan."

All quarterly fee payments must be made to the Clerk, U.S. Bankruptcy Court. Debtor checks will not be accepted. Attorney trust account checks, cashier's check, certified funds or postal money order will be accepted, made payable to the "Clerk, U.S. Bankruptcy Court." The debtor's case number should be written on the face of the payment document. The original of the Quarterly Fee Statement should be filed with the clerk.

The Quarterly Fee Statement may be filed electronically and payment may be also made via attorney credit card. [add explanation]

Direct all correspondence and questions regarding your account to the Office of the Bankruptcy Administrator.

## Quarterly Fee Schedule

| Disbursements per quarter | Quarterly fee |
|---|---|
| Less than $15,000 | $325 |
| Total $15,000 to less than $75,000 | $650 |
| Total $75,000 to less than $150,000 | $975 |
| Total $150,000 to less than $225,000 | $1,625 |
| Total $225,000 to less than $300,000 | $1,950 |
| Total $300,000 to less than $1,000,000 | $4,875 |
| Total $1,000,000 to less than $2,000,000 | $6,500 |
| Total $2,000,000 to less than $3,000,000 | $9,750 |
| Total $3,000,000 to less than $5,000,000 | $10,400 |
| Total $5,000,000 to less than $15,000,000 | $13,000 |
| Total $15,000,000 to less than $30,000,000 | $20,000 |
| Total $30,000,000 or more | $30,000 |

4

**Quarterly Fee Due Dates**

| Quarter | Ending | Due Date for Payment |
|---|---|---|
| 1st Quarter Jan-Feb-Mar | March 31 | April 30 |
| 2nd Quarter Apr-May-Jun | June 30 | July 31 |
| 3rd Quarter Jul-Aug-Sep | September 30 | October 31 |
| 4th Quarter Oct-Nov-Dec | December 31 | January 31 |

**PENALTIES: FAILURE TO PAY THE QUARTERLY FEE IS CAUSE FOR CONVERSION OR DISMISSAL OF THE CASE UNDER 11 U.S.C. SECTION 1112(b)(10). FILING A FALSE REPORT MAY SUBJECT YOU TO CIVIL LIABILITY UNDER 31 U.S.C. SECTION 3729(a)(7) AND TO CRIMINAL PENALTIES UNDER 18 U.S.C. SECTION 1621.**

I.  <u>Plan and Disclosure Statement Due Date</u>:  The Debtor shall file a plan of reorganization and disclosure statement within 120 days after entry of the order for relief, unless the Court, by subsequent Order, after Notice and Hearing within the 120-day period, grants the Debtor an extension of time or requires the Debtor to file a plan and disclosure statement prior to the expiration of the 120-day period.

J.  <u>Notice of Section 341 Meeting of Creditors</u>:  The Debtor shall, in accordance with the instructions from the Clerk of the Bankruptcy Court, serve the notice of the Section 341 Meeting of Creditors in a timely manner.  The service of said notice shall be certified to the Court.

K.  <u>Appointment of Professionals and Professional's Fees</u>:  Absent extraordinary circumstances, attorneys and other professionals will not be appointed <u>nunc</u> <u>pro</u> <u>tunc</u>.  Applications for appointment filed within 30 days of the filing of the petition or within 30 days of the date services commence, whichever occurs later, shall be considered timely.

L.  <u>Compensation and Compensation Plans</u>:  During the pendency of this Chapter 11 proceeding, the Debtor shall not increase compensation or modify plans of compensation without prior Order of this Court, after notice and hearing.  Compensation and plans of compensation shall include, but shall not be limited to, salaries, hourly wages, benefits, commissions structure, bonuses, or other forms of compensation for service, and shall be applicable, but shall not be limited to, officers, insiders, employees, independent contractors, consultants, commissioned salespersons and other entities providing services to the Debtor.  Although the Debtor shall not increase any compensation without prior Order of this Court, after notice and hearing, this Court will consider motions for adjustments to entire compensation plans or packages as well as adjustments as they relate to particular individuals or entities.

M.  <u>Disposition of Assets</u>:  The Debtor shall not hypothecate, mortgage, pledge, or otherwise encumber any property of the estate or dispose of any property of the estate, other than in the ordinary course of business, without Order of this Court.

N.  <u>Compliance with Code Provisions</u>:  The operation of the business by the Debtor shall be in strict conformity with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of Practice and Procedure.

Copies to:  Debtor, Debtor's Attorney, Bankruptcy Administrator, Internal Revenue Service, North Carolina Department of Revenue

*This Order has been signed electronically.*   *United States Bankruptcy Court*
*The judge's signature and court's seal appear*
*at the top of the Order.*