UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:                                )
                                      ) CASE NO. 09-33328
AMERICAN PRODUCT DISTRIBUTORS,)
INC.,                                 )
                                      ) Chapter 11
        Debtor.                       )
                                      )

AMENDED MOTION OF DEBTOR-IN-POSSESSION FOR EMERGENCY AND
FINAL ORDERS PURSUANT TO §§ 105 AND 364 AUTHORIZING THE DEBTOR-
IN-POSSESSION TO INCUR UNSECURED DEBT PURSUANT TO 11 U.S.C.
§364(b)

American Product Distributors, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor" or "APD") hereby submits its amended motion (the "Motion") for entry of an order under 11 U.S.C. §364(b) authorizing the Debtor to incur unsecured debt. In support of the Motion, the Debtor respectfully represents as follows:

1. This Court held an emergency hearing on the Debtor's original Motion of Debtor-In-Possession for Emergency and Final Orders Pursuant to Sections 105 and 364 Authorizing the Debtor-In-Possession to incur Unsecured Debt Pursuant to 11 U.S.C. §364(c). At that hearing the Court requested that the Debtor provide additional evidence as to the use of the proposed post-petition financing. Accordingly, the Debtor files herewith the Declaration of Cy Kennedy in support thereof.

2. In addition, in light of the fact that the Debtor anticipates that the only unpaid administrative expenses that would be affected by the priority treatment originally sought by the Debtor, are allowed attorneys fees and expenses, the proposed Lender has agreed to forego "super-priority" treatment such that the proposed loan shall, pursuant

to Section 364(b) of the Bankruptcy Code, be allowable as an administrative expense under 503(b)(1) of the Bankruptcy Code, without priority.

3. It is essential that the Debtor be permitted to enter into the proposed post-petition loan to allow the Debtor to continue to operate its business in the ordinary course.

4. Section 364(b) of the Bankruptcy Code provides that the debtor in possession may, after notice and a hearing, obtain unsecured credit and incur unsecured debt allowable as an administrative expense. Id. § 364(b).

5. Extensions of credit under Section 364(b) of the Bankruptcy Code must be actual and necessary. 3 Collier on Bankruptcy para. 364.02[2] at 364—5 (15th ed. Rev. 2002). However, "this should not be interpreted to mean that the credit extension led to a clear profit or enabled the debtor to reorganize." 3 Collier on Bankruptcy para. 364.02[2] at 364—6 (15th ed. Rev. 2002) *citing In re Climas Chem. Co.*, 167 B.R. 665 (Bankr. D.N.M. 1994) (test is whether there was a benefit to the debtor in possession in the operation of its business). "[S]everal courts have observed that the outcome of the bankruptcy case is not conclusive indicia of whether the extension of credit was beneficial to the estate." *In re Southern Soya Corp.*, 251 B.R. 302 (Bankr. D.S.C. 2001) "The outcome of the bankruptcy is not the test. It is whether the transaction was beneficial to the debtor in possession 'in the operation of the business.'") *White Front Feed & Seed v. State National Bank of Platteville (In re Ramaker)* 117 B.R. 959, 962 (Bankr. N.D. Iowa 1990).

6. In this case, the Debtor has exercised sound business judgment in determining that a post-petition credit facility is vital to the continued operation of the Debtor's

business. Without the liquidity provided by the proposed loan, the Debtor will be unable to pay suppliers, employees and other constituencies that are essential to the orderly operation of its business.

7. The relief requested in the Motion is necessary, essential and appropriate for the continued operation of the Debtor's business and the management and preservation of its estate.

WHEREFORE, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to enter into the proposed post-petition loan pursuant to 11 U.S.C. 364(b) allowable as an administrative expenses of the kind specified in section 503(b)(1) of the Bankruptcy Code; and for such other and further relief as is just and proper.

This the 7th day of December, 2009.

*Karen K. Carroll* (signature)
Karen K. Carroll NCSB#40240
Shuford Hunter, PLLC
Attorneys for Debtor
301 S. McDowell Street, Suite 1012
Charlotte, NC 28204
Tel. 704.377.8764