UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-33328 |
| AMERICAN PRODUCT DISTRIBUTORS, ) | |
| INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

MOTION OF DEBTOR-IN-POSSESSION TO DISMISS CHAPTER 11
BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §§305(a)(1), 1112 and 105,
BUT ORDERING THAT ORDER APPROVING LOCKBOX AGREEMENT
(DOCKET # 49) ENTERED ON JANUARY 14, 2010 REMAIN IN PLACE

American Product Distributors, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor" or "APD") hereby moves this Court for entry of an order pursuant to 11 U.S.C. §§305(a)(1), 1112 and 105 dismissing this Chapter 11 bankruptcy case. In support of the Motion, the Debtor respectfully represents as follows:

**Introduction**

1. On December 1, 2009 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2. No statutory committees have been appointed in this case by the U.S. Bankruptcy Administrator.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief sought herein are sections 105, 349(b), 305(a)(1), and/or 1112 of the Bankruptcy Code.

## Background

5. The Debtor is a privately owned distribution company that sells and distributes consumable products including office supplies, industrial and janitorial supplies and business imaging supplies to corporations and institutions nationwide. As a minority owned and operated business APD offers nationwide Tier I minority purchasing by selling and invoicing companies on a direct basis or Tier II minority purchasing by selling products indirectly to companies.

6. Prior to the Petition Date the Debtor executed a promissory note ("Note") in favor of Office Depot, Inc. ("Office Depot") in the original principal amount of $5,000,000.00. In addition, APD executed a security agreement ("Security Agreement") securing the Note which purported to grant Office Depot a blanket lien in APD's collateral.

7. On or about August 19, 2009, Office Depot commenced an action against APD in United States District Court for the Western District of North Carolina, case number 3:09-cv-00357-FDW-DCK alleging, among other things, that APD breached the terms of the Security Agreement. APD responded to Office Depot's Complaint and asserted counterclaims against Office Depot as a result of, among other things, Office Depot's alleged failure to honor its obligations to APD.

8. In addition to its secured debt, APD was also liable to Office Depot as a result of an unsecured trade payable in the amount of approximately $5,608,771.00.

9. In or about November, 2009, Office Depot obtained an attachment lien on Debtor's bank account and, as a result thereof, the Sherriff of Mecklenburg County, North Carolina, seized in excess of $230,000 of Debtor's operating cash on hand. As a result, the Debtor found it necessary to commence this Chapter 11 proceeding in order to allow it to continue to operate its business without the immediate constraints posed by the Office Depot litigation.

10. During the Chapter 11 case, the Debtor and Office Depot successfully negotiated a settlement of all claims that the parties may have against each other. The Stipulation of Settlement ("Settlement") was approved by the Bankruptcy Court on April 15, 2010. Pursuant to that Settlement, the Debtor and Ray Kennedy, the guarantor of the Note, paid to Office Depot the sum of $1,840,000, and agreed to pay to Office Depot an additional $1,660,000 on or before December 24, 2010.

11. Since the commencement of its Bankruptcy case, the Debtor has profitably operated its business, procured additional contracts for the purchase its products and is current on its post-petition obligations.

12. The Debtor has determined that it is in its best interest as well as the best interests of its creditors if the Chapter 11 case were dismissed.

**Relief Requested**

13. In light of the fact that the Debtor and Office Depot have settled their disputes, and, as a result thereof, Office Depot's debt was reduced from approximately $10,000,000 to $3,500,000, which debt subsequently was satisfied, the Debtor believes

3

that it is no longer necessary for it to remain in Chapter 11, as the purpose for seeking Bankruptcy Court protection is no longer being served.

14. In addition, the Debtor has reached agreements with its critical vendors and largest unsecured creditors that will enable the Debtor to pay their pre-petition unsecured debts over time and continue to do business with those creditors on a going forward basis. The Debtor is current on all of its post-petition obligations.

## Basis for Relief

15. Any party in interest, including the debtor, may move for dismissal of a case - any chapter - under 11 U.S.C. § 305(a)(1). *In re Fulton*, 339 B.R. 698, 701 (Bankr. N.D. Iowa 2006). Pursuant to Section 305(a)(1), the Court may dismiss a case or may suspend all proceedings in a case at any time if the interests of creditors and the debtor would be better served by such dismissal or suspension. 11 U.S.C. § 305. *In re Williamsburg Suites, Ltd.*, 117 B.R. 216, 218 (Bankr. D. Va. 1990).

16. The decision whether to dismiss a case pursuant to Section 305 lies solely within the discretion of the Bankruptcy Court. *Matter of Fitzgerald Group*, 38 Bankr. 16, 17 (Bankr. S.D.N.Y. 1983). The power must be exercised with care because the Court is being asked to decline to exercise its authority and because a decision under § 305(a) is reviewable on appeal only by the District Court, no higher. 11 U.S.C. § 305(c); *see In re NRG Energy, Inc.*, 294 B.R. 71, 79-80 (Bankr. D. Minn. 2003).

17. Whether a motion to dismiss under § 305(a)(1) should be granted has to be considered under the facts of each particular case. *Pennino v. Evergreen Presbyterian Ministries (In re Pennino)*, 299 B.R. 536, 538-39 (B.A.P. 8th Cir. 2003). Factors to consider include: (1) whether the case is a two-party dispute; (2) the economy and

efficiency of administration; (3) the availability of another case or forum to protect the interests of the parties; (4) alternative means of achieving equitable distribution of assets, and (5) the purpose for which bankruptcy jurisdiction has been sought. Id. at 539 (*citing In re Iowa Trust*, 135 B.R. 615, 621 (Bankr. N.D. Iowa 1992)); *In re Cink*, 2007 Bankr. LEXIS 649, 6-7 (Bankr. D.S.D. 2007).

18. In this case, although there are other unsecured creditors besides Office Depot, prior to filing Chapter 11 the Debtor was not in default of any of its financial obligations to those creditors. But for the Debtor's disputes with Office Depot, the Debtor would not have sought the protection of the Bankruptcy Code. Now that the Debtor and Office Depot have resolved those disputes, the Debtor believes that the interest of its creditors would be better served if the Bankruptcy case were dismissed. Thus, in effect, this case was a two-party dispute that has been resolved to the satisfaction of all parties.

19. The Debtor further believes that economy and efficiency of administration would be better served by the dismissal of this Bankruptcy case, since the Debtor would not have to go through the process of proposing and confirming what could be seen as a superfluous plan of reorganization. The treatment of Office Depot's secured and unsecured claims in this case have always been the driving force and main obstacle to the Debtor's ability to propose and confirm a plan of reorganization. Now that Office Depot's claims have been resolved, the Debtor does not require the plan process to fix the amounts of claims or provide for their payment. Moreover, with respect to the Debtor's remaining unsecured creditors, the Debtor has already reached agreements

with its critical vendors and largest unsecured creditors to provide for their payment on an ongoing basis.

20. Alternatively, Debtor seeks dismissal of this case pursuant to Section 1112 of the Bankruptcy Code. In *In re MELP, Ltd.*, 143 B.R. 890 (Bankr. E.D. Mo. 1992), the Court declined to grant the Debtor's motion to dismiss its Chapter 11 Bankruptcy case pursuant to Section 305 of the Bankruptcy Code, instead invoking Section 1112 as the proper basis for dismissing the case. The Court determined that "cause" existed under section 1112(b) to dismiss the case because the purpose of the Bankruptcy case had been "successfully achieved;" the Debtor "came into bankruptcy court seeking the protection of the automatic stay to enable it to reorder its affairs and make peace with its creditors, " which it had accomplished. *Id.* at 893.

21. Similarly in this case, as set forth hereinabove, the purpose of this Bankruptcy case has been achieved. The Debtor has been able to "make peace" with its major largest unsecured creditor and only secured creditor, creditor by successfully negotiating a settlement with Office Depot that will enable the Debtor to continue to operate its business and fulfill its obligations to all of its creditors. Accordingly, the Debtor believes that dismissal of this case shall serve the best interests of both the Debtor and its creditors. *See In re WPAS, Inc.*, 6 B.R. 44, 6 B.C.D. 1183 (Bankr. M.D. Fla. 1980), *In re Donaldson Ford, Inc.*, 19 B.R. 425, 435 (Bankr. D. Ohio 1982) ("proper application of the test of § 305(a)(1) requires that the best interests of both creditors and debtor be served.").

**Lockbox Agreement with United Stationers**

6

22. On December 28, 2009, the Debtor filed its Motion for an Order Approving Lockbox Agreement with United Stationers Financial Services, LLC (Docket No. 43). On January 14, 2010, the Court entered an Order approving the lockbox agreement.

23. As noted in the Motion, the Debtor purchases certain inventory from United Stationers Supply Co. (USSCO) for resale by the Debtor to its customers directly or through its on-line store. The Debtor's uninterrupted ability to place orders with USSCO is critical to the continued viability of the Debtor's business.

24. The sale of products by USSCO to the Debtor creates a receivable which USSCO sells and transfers to its affiliate, United Stationers Financial Services LLC ("USFS"). The Debtor makes all payments for merchandise purchased from USSCO to USFS.

25. Pursuant to the Court's Order, the Debtor and USSCO entered into a "lockbox" arrangement, under which the Debtor has instructed its customers who have ordered USSCO products through the Debtor, to remit payment directly to a post office box address to which only Fifth Third Bank has access and the obligation to pick up the payments for deposit directly into a restricted bank account at Fifth Third Bank, maintained by the Debtor separate and apart from the Debtor's general operating or other accounts. USSCO payables then are paid from the restricted account by wire transfer to USSCO upon the instruction of USSCO.

26. The lockbox arrangement has worked well for the Debtor and for USSCO and the Debtor and USSCO wish to continue the arrangement after this case is dismissed.

27. Pursuant to 11 U.S.C. §349(b), unless the Court, for cause, orders otherwise, a dismissal of a case other than under section 742 revests the property of the estate in the

entity in which such property was vested immediately before the commencement of the case.

28. The Debtor believes that "cause exists" for the Court to order that the lockbox arrangement, memorialized in the Court's previous Order, survive the dismissal of this bankruptcy case. The arrangement inures to the benefit of the Debtor and USSCO, which is one of its major vendors, and no other creditors will be harmed by an Order that leaves the previous Order in place.

WHEREFORE, the Debtor respectfully requests that the Court enter its order dismissing this Bankruptcy case; that said Order contain a provision that the Court's previous Order dated January 14, 2010 (Docket #49) remain in place and enforceable notwithstanding the dismissal of this proceeding, and for such other and further relief as is just and proper.

This the 12 day of January, 2011.

/s/ G. Martin Hunter
G. Martin Hunter, N.C. Bar # 13557
Attorney for Debtor
301 S. McDowell Street, Suite 1014
Charlotte, NC 28204
Tel. 704.377.8764

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:                              )
                                    )
                                    )
AMERICAN PRODUCT DISTRIBUTORS,      )
INC.,                               )     Case No. 09-33328
         Debtor.                    )     Chapter 11
_____)

## Notice of Hearing

**Take notice** that the Debtor has filed papers with the Court seeking an Order dismissing this Chapter 11 proceeding. A copy of these papers is included with this Notice.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to dismiss this Chapter 11 proceeding, or if you want the Court to consider your views on the motion, then within twenty-one (21) days of the date of this Notice, you or your attorney must file with the Court a written response requesting that the Court hold a hearing and explaining your position. File the response at:

U.S. Bankruptcy Court
401 W. Trade Street, Room 111 (street address)          P.O. Box 34189
Charlotte, NC  28202                                    Charlotte, NC  28234-4189

If you mail your request to the Court for filing, you must mail it early enough so that the court will receive it on or before the date stated above. You should also mail or fax or e-mail a copy of your written request to the attorney whose name and address are stated below.

The Court will conduct a hearing on February 8, 2011 at 9:30 a.m. in Courtroom 122 of the U.S. Courthouse, 401 W. Trade Street, Charlotte, NC  28202.

This 12 day of January, 2011.

/s/ Martin Hunter
G. Martin Hunter, N.C. Bar # 13557
Attorney for the Debtor
301 S. McDowell Street, Suite 1014
Charlotte, NC  28204
Tel. 704.377.8764
Fax 704.377.0590
E-mail: mhunter@martinhunterlaw.com